1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **CENTRAL DISTRICT OF CALIFORNIA**

10

11 ORLANDO GARCIA,                    )       Case No. CV 20-8485 FMO (GJSx)
                                      )
12          Plaintiff,                )
                                      )
13      v.                            )       **ORDER DISMISSING ACTION WITHOUT**
                                      )       **PREJUDICE**
14 CHU YONG CHANG, et al.,            )
                                      )
15                                    )
                                      )
16          Defendants.               )
                                      )
17 _____   )

18      On October 7, 2020, the court issued a Standing Order Re: ADA Accessibility Cases (see

19 Dkt. 10, Court's Order of October 7, 2020), which ordered plaintiff Orlando Garcia ("plaintiff") to

20 file a request for entry of default no later than seven days after the time the response to the

21 complaint would have been due by the defendant, (id. at 2), and a motion for default judgment no

22 later than seven days after default is entered by the Clerk.  (Id. at 3).  The court admonished

23 plaintiff that "failure to seek entry of default within seven [] days after the deadline to file a

24 response to the complaint" and "failure to file a motion for default judgment within seven [] days

25 of entry of default by the Clerk" shall result in the dismissal of the action and/or the defendant

26 against whom entry of default should have been sought or the motion for default judgment should

27 have been filed.  (Id. at 2-4) (citing Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626,

28 629-30, 82 S.Ct. 1386, 1388 (1962)).

1    Here, defendant Chu Yong Chang ("Chang") was served with the summons and complaint

2    on September 25, 2020, by personal service, (see Dkt. 9, Proof of Service [as to Chang]), and

3    Modern Liquor Brother, Inc. ("Modern Liquor") was served with the summons and complaint on

4    September 28, 2020, by substituted service.  (See Dkt. 11, Proof of Service [as to Modern

5    Liquor]).  On October 26, 2020, Chang and Modern Liquor sought extensions of time to respond

6    to the complaint.  (See Dkt. 13, Modern Liquor's Request for Extension); (Dkt. 14, Chang's

7    Request for Extension).  The court granted these requests, and ordered Chang to file a response

8    to the complaint no later than December 10, 2020, (see Dkt. 15, Court's Order of November 12,

9    2020), and Modern Liquor to file a response to the complaint through licensed counsel no later

10   than December 28, 2020.  (See Dkt. 16, Court's Order of November 18, 2020).  The parties

11   subsequently filed a stipulation to extend Chang's time to respond to the complaint until January

12   8, 2021, (see Dkt. 17, Stipulation), which the court granted.  (See Dkt. 18, Court's Order of

13   December 10, 2020).  Plaintiff also requested that the Clerk enter default as to Modern Liquor,

14   (see Dkt. 20, Request for Default as to Modern Liquor), which the Clerk issued on January 4,

15   2021.  (See Dkt. 21, Default by Clerk [as to Modern Liquor]).  As of the date of this Order,

16   however, Chang has not answered the complaint, plaintiff has not filed a request for entry of

17   default as to Chang, and plaintiff has not filed a motion for default judgment as to Modern Liquor.[1]

18   (See, generally, Dkt.).

19   A district court may dismiss an action for failure to prosecute or to comply with court orders.

20   Fed. R. Civ. P. 41(b); Link, 370 U.S. at 629-30, 82 S.Ct. at 1388 (authority to dismiss for failure

21   to prosecute necessary to avoid undue delay in disposing of cases and congestion in court

22   calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss

23   action for failure to comply with any court order).  Dismissal, however, is a severe penalty and

24

25   [1] On January 7, 2020, the parties filed a notice of provisional settlement, which was stricken
     by the court.  (See Dkt. 24, Court's Order of January 19, 2021).  In its order striking the provisional
26   notice of settlement, the court again admonished the parties that "[f]ailure to comply with all case
     deadlines and the orders issued by the court in this case shall result in the imposition of sanctions,
27   including but not limited to, the dismissal of the action for failure to comply with any applicable
     rules and/or court orders."  (Id.) (citing Fed. R. Civ. P. 41(b); Link, 370 U.S. at 629-30, 82 S.Ct.
28   at 1388)).

1    should be imposed only after consideration of the relevant factors in favor of and against this

2    extreme remedy.  Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir.1986).

3    These factors include:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's

4    need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability

5    of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."

6    Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik, 963 F.2d at 1260-61); see

7    Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 891 (9th Cir. 2019) ("By its plain text,

8    a Rule 41(b) dismissal . . . requires 'a court order' with which an offending plaintiff failed to

9    comply.").  "Although it is preferred, it is not required that the district court make explicit findings

10   in order to show that it has considered these factors and [the Ninth Circuit] may review the record

11   independently to determine if the district court has abused its discretion."  Ferdik, 963 F.2d at

12   1261.

13        Having considered the Pagtalunan factors, the court is persuaded that this action should

14   be dismissed for failure to comply with a court order and failure to prosecute.  Plaintiff's failure to

15   file a request for entry of default as to Chang and a motion for default judgment as to Modern

16   Liquor hinders the court's ability to move this case toward disposition and indicates that plaintiff

17   does not intend to litigate this action.  In other words, plaintiff's "noncompliance has caused [this]

18   action to come to a complete halt, thereby allowing [him] to control the pace of the docket rather

19   than the Court."  Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotation

20   marks omitted).  Further, plaintiff was warned that failure to timely file a request for entry of default

21   or a motion for default judgment would result in a dismissal of the action for lack of prosecution

22   and failure to comply with a court order.  (See Dkt. 10, Court's Order of October 7, 2020, at 2-4);

23   see also Ferdik, 963 F.2d at 1262 ("[A] district court's warning to a party that his failure to obey

24   the court's order will result in dismissal can satisfy the consideration of alternatives requirement.")

25   (internal quotation marks omitted).  Thus, having considered the Pagtalunan factors, the court is

26   persuaded that the instant action should be dismissed for failure to comply with a court order and

27   failure to prosecute.

28

1    Based on the foregoing, IT IS ORDERED that judgment be entered dismissing this action,

2  without prejudice, for failure to prosecute and comply with the orders of the court.

3  Dated this 26th day of January, 2021.

4                                                                    /s/
                                                          Fernando M. Olguin
                                                     United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28